**Stanley M. THORNHILL, Petitioner–Appellant,**

v.

**Sharon BLACKETTER, Respondent–Appellee.**

No. 08–35497.

United States Court of Appeals, Ninth Circuit.

an unskilled job that requires little judgment and can be learned in 30 days. 20 C.F.R. §§ 404.1568(a), 416.968(a).

Submitted June 1, 2009.*

Filed June 15, 2009.

Adam Scott Arms, McKanna Bishop Joffe & Sullivan LLP, Portland, OR, for Petitioner–Appellant.

Jacqueline Sadker, David B. Thompson, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM **

Stanley Thornhill appeals the district court's denial of his petition for habeas corpus relief. *See* 28 U.S.C. § 2254. We affirm.

Thornhill asserts that he was denied his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution as clearly established by the Supreme Court[1] when the state trial court excluded certain evidence at trial.[2] We have carefully reviewed the record and agree with the district court that the state trial court did not commit constitutional error when it excluded certain items of evidence for the purposes for which they were proffered, that is, essentially to show motive or bias, or, inaccuracy of a witness' statements. Although Thornhill now suggests other purposes for which the evidence could have been of-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See* 28 U.S.C. § 2254(d); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Penry v. Johnson*, 532 U.S. 782, 793, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); *Williams v. Taylor*, 529 U.S. 362, 410–12, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Edwards v. Lamarque*, 475 F.3d 1121, 1125 (9th Cir.2007) (en banc).

2. *See Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (describing right to present a meaningful defense); *LaJoie v. Thompson*, 217 F.3d 663, 668 (9th Cir.2000) (same); *cf. United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (stating that right to present evidence is subject to reasonable restrictions); *Moses v. Payne*, 555 F.3d 742, 757–58 (9th Cir.2009) (same).

fered, we cannot say that the state trial court erred when it ruled on the basis of Thornhill's tender at the time of the state court proceedings. It was entitled so to do. *See Heyne v. Caruso,* 69 F.3d 1475, 1481 (9th Cir.1995) (setting out general requirement for an offer of proof); *United States v. Sims,* 617 F.2d 1371, 1377 (9th Cir.1980) (stating that proponent must make the basis for admission of evidence known to the trial court); *see also United States v. Curtin,* 489 F.3d 935, 957–58 (9th Cir.2007) (en banc) (indicating that proponent should identify the purpose of an offer of evidence).

AFFIRMED.